IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CARTER C. GOODING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:10CV33 |
| ) | |
| ALBERTO GONZALES ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

OSTEEN, JR., District Judge

Plaintiff, Carter Cook Gooding, pro se[1], filed a complaint in the Western District of Virginia alleging the following causes of action: intentional infliction of emotional distress under

---

[1] Plaintiff originally filed this action pro se. However, counsel subsequently entered an appearance on behalf of Plaintiff. Plaintiff has responded to all motions by and through counsel. Pro se pleadings are to be construed liberally. See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (recognizing the responsibility of the federal courts to construe a pro se petitioner's pleading liberally, no matter how inartful the pleading may be). However, although the same result would be reached by this court under a liberal construction standard, this court is not inclined to apply a liberal construction standard to the complaint filed in this case. Counsel, upon entry in this case on behalf of Plaintiff, has had the opportunity to review the pleadings on behalf of the Plaintiff and the opportunity to request permission to amend as necessary. Nevertheless, counsel has proceeded to address the motions to dismiss on the merits; accordingly, it appears to this court that the tenet of liberal construction of a pro se pleading is neither necessary nor appropriate in this case.

Virginia law (Count I), malicious prosecution under Virginia law (Count II), a "Bivens Cause of Action Against Federal Agents and Ann[2] [sic] Hormel" (Count III), and "Actual Malice" (Count IV)[3]. (See Compl. (Doc. 1).)

Plaintiff named as defendants the following individuals: Alberto R. Gonzales, former Attorney General for the United States of America; Anne Catherwood Hormel, a private citizen and cooperating informant for law enforcement; John Leslie Brownlee, United States Attorney; Julia C. Dudley, Assistant United States Attorney; Nancy Spodick Healey[4], Assistant United States

---

[2] This court notes that the record contains inconsistent spellings of Defendant Anne Catherwood Hormel's ("Defendant Hormel") first name. For example, the complaint spells Defendant Hormel's first name without an "e" on the end, or "Ann." (Compl. (Doc. 1) at 1.) In contrast, Defendant Hormel's first name is spelled with an "e" in her own pleading. (See Def. Hormel's Mot. Dismiss. (Doc. 18) at 1.) Because that Motion to Dismiss was filed by Defendant Hormel, this court will assume that the latter spelling is correct and will adopt that spelling in this Memorandum Opinion and Order.

[3] This court has not found, nor has Plaintiff identified, a separate "actual malice" cause of action under federal or state law. Instead, this court construes Count IV as a claim for punitive damages arising in relation to the substantive claims asserted in Counts I, II, and III.

[4] This court also notes that the record contains inconsistent spellings of Defendant Nancy Spodick Healey's ("Defendant Healey") middle name. For example, the complaint spells Defendant Healey's middle name with an "e," or "Spodeck." (Compl. (Doc. 1) at 0.) In contrast, Defendants Brownlee, Dudley, Healey, Smith, and Bean spell Defendant Healey's middle name with an "i", or "Spodick", in their Motion to Dismiss. (See Doc. 20 at 2.). Because the Motion to Dismiss was filed by Defendant Healey, this court will assume that the latter spelling is correct and adopt that spelling herein.

Attorney; Ralph E. Smith, United States Probation Officer; David R. Bean, United States Probation Officer. (Id. ¶¶ 2-8.) All of the defendants have been sued in their individual capacity. (Id.) Plaintiff alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction under 28 U.S.C. § 1367(a) for the claims arising under state law. (Id. ¶ 9.)

Defendants John Leslie Brownlee, Julia C. Dudley, Nancy Spodick Healey, Ralph E. Smith and David R. Bean (collectively "Government Defendants") have moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Doc. 20.) Defendant Anne Catherwood Hormel ("Defendant Hormel") has moved to dismiss the Complaint, by separate motion, pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915A(b)(1). (See Doc. 18.) At present, Defendant Alberto Gonzales ("Defendant Gonzales") has neither been served, nor has a summons been issued by the Plaintiff as to Defendant Gonzales. (See generally Docs. 6-17, 24.) At the motions hearing in this case, counsel for Plaintiff advised this court that Plaintiff had not, and would not, serve Defendant Alberto Gonzales. (Tr. Mot. Dismiss Hr'g (Doc. 34) at 6, Jan. 28, 2011.) Accordingly, the complaint will be dismissed as to Defendant Gonzales.

Plaintiff has responded to both motions to dismiss and replies have been filed by the Defendants. Defendants' motions

are therefore ripe for ruling. (See generally Docs. 23, 25-27.) Because Plaintiff's claims and Defendants' motions arise from a common nucleus of operative facts, this court will address both motions in this opinion. For the following reasons, this court finds that Defendants' motions should be granted and that Plaintiff's complaint should therefore be dismissed.

## I. FACTUAL BACKGROUND[5]

Plaintiff, a Virginia resident, alleges that while he was incarcerated in a Virginia jail for a state probation violation, he was approached by a law enforcement informant about the purchase of firearms. (Compl. (Doc. 1) ¶ 17.) Also during that time, Plaintiff alleges that Defendant Hormel threatened to "annihilate" him. (Id. ¶ 18.) Thereafter, Defendant Hormel, acting as an informant, provided information to the government regarding Plaintiff's possession of firearms, ammunition and other matters. (Id. ¶ 20.) Plaintiff alleges that much of the information provided by Defendant Hormel was false. (Id.) Plaintiff further alleges, in conclusory fashion, that Defendant Hormel was an "agent-informant" of the Government and used her

---

[5] A court must accept as true all factual allegations contained in a complaint. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. This court's analysis begins with a summary of the allegations of Plaintiff's Complaint. The difference between factual allegations and legal conclusions will be addressed in the Analysis section hereafter. See infra Part II.

own undercover agent, Amado Chavez ("Chavez"), to report information as to Plaintiff. (Id. ¶¶ 22, 23.) Chavez was apparently an employee of Plaintiff during this time. (Id. ¶ 24.)

After his release from the Virginia jail, Plaintiff alleges that he removed all firearms and ammunition from his possession, but that Chavez, acting as an agent of Defendant Hormel, "secreted" a twelve-gauge shotgun on Plaintiff's property. (Id. ¶ 26, 27.) That shotgun then became the basis of Plaintiff's federal prosecution, according to the Plaintiff. (Id. ¶ 27) On August 31, 2007, BATF[6] agents searched Plaintiff's farm pursuant to a warrant and found the shotgun that had allegedly been "secreted" by Defendant Hormel and the employee. (Id. ¶ 27-29.) Plaintiff was subsequently arrested and charged with a violation of 18 U.S.C. § 922(g)(1). See, Indictment, United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. Sept. 19, 2007) (Doc. 13).

Plaintiff further alleges that he was detained pending trial and that he subsequently pled guilty to "possession of the shotgun." (Compl. (Doc. 1) ¶¶ 34, 36.) Plaintiff contends that pursuant to the terms of his guilty plea, the government agreed to recommend that Plaintiff be sentenced within a certain guideline range established by the United States Sentencing

---

[6] BATF is used here as an acronym for the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

Guidelines, which Plaintiff anticipated would result in a sentence of approximately three years imprisonment. (Id. ¶¶ 35-38.)

Plaintiff alleges that, after entry of his guilty plea, the United States Attorney Defendants and Probation Officer Defendants wrongfully sought to have him sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)("ACCA"). (Id. ¶¶ 42-44.) Application of the ACCA would have subjected Plaintiff to a mandatory minimum sentence of fifteen years, instead of the three years Plaintiff contends he anticipated as a result his plea agreement. See 18 U.S.C. § 924(e). Plaintiff alleges that these actions by Defendants were unfounded and malicious and caused him damages, including mental and emotional distress, physical ailments, and monetary expense in defense of the unfounded application of the ACCA.[7] (Id. ¶¶ 52-56.)

The district court ultimately found that Plaintiff was not subject to the provisions of the ACCA, and Plaintiff was sentenced to a term of imprisonment of 37 months. See Oral Order, United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. July 8, 2008) (Doc. 39); Judgment, United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. July 11, 2008) (Doc. 40).

---

[7] Based upon this record and as acknowledged by Plaintiff's counsel at the hearing, it appears that Plaintiff had three prior drug offense convictions. (See Compl. Ex. A (Doc. 1-1) at 2-3; Tr. Mot. Dismiss Hr'g (Doc. 34) at 53, 56-57.)

The record in United States v. Gooding reflects slightly different facts from Plaintiff's allegations.[8] As alleged by Plaintiff, the Indictment charges that Plaintiff violated 18 U.S.C. § 922(g)(1) by possessing a twelve-gauge shotgun. Indictment, United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. Sept. 19, 2007) (Doc. 13). However, the plea agreement does not provide for a sentence of approximately three (3) years. See Plea Agreement, United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. Nov. 21, 2007) (Doc. 20). Instead, the plea agreement advises Plaintiff of the potential applicability of the ACCA penalties. Id. at 1. Specifically, the plea agreement, signed by Plaintiff, contains this acknowledgment:

> I understand, however, that if my criminal history reveals three qualifying convictions under Title 18, United States Code, Section 924(e), then I am facing an enhanced sentence with a mandatory minimum sentence of 15 years imprisonment and a maximum sentence of life imprisonment without the possibility of parole.

Id. The plea agreement further provides that the government will recommend a sentence at the low end of the applicable guideline range. Id. at 3. Significantly, Plaintiff also acknowledged in

---

[8] "[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009), cert. denied, 130 S. Ct. 3318 (2010); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.").

7

the plea agreement that "any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court . . . . No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case." Id. at 9.

Therefore, this court finds that any belief Plaintiff had as to the likely sentencing result based upon his plea of guilty was the product of Plaintiff's own analysis rather than any promise or representation by the United States. Furthermore, the plea agreement specifically provides for the possibility that the ACCA penalties may apply.

## II. ANALYSIS

Each of the Defendants[9] has filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged.

---

[9] This court recognizes that Defendant Gonzales has not joined in the motions to dismiss; however, as discussed earlier, Plaintiff has represented that he does not intend to serve Defendant Gonzales, and therefore, this court will dismiss the complaint as to Defendant Gonzales. (See supra page 3.)

8

Id. at 1949. This plausibility requirement "is not akin to a probability requirement, but it asks for more than a sheer possibility that [the] defendant has acted unlawfully." Id. (internal quotation marks omitted). Thus, while the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true. Id. (emphasis omitted) (citation omitted).

### A. Motion to Dismiss as to United States Attorneys (Defendants Brownlee, Dudley, and Healey)

During the course of the events alleged in the Complaint, Defendant John Leslie Brownlee ("Defendant Brownlee") served as the United States Attorney for the Western District of Virginia, and Defendants Julia C. Dudley ("Defendant Dudley") and Nancy Spodick Healey ("Defendant Healey") served as Assistant United States Attorneys. In discharging prosecutorial functions, prosecutors are absolutely immune from civil liability for damages. See Buckley v. Fitzsimmons, 509 U.S. 259, 268-271 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This immunity applies when the prosecutor's activities are "intimately

9

associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430.

In discharging investigative functions, on the other hand, prosecutors are protected by a more limited qualified immunity. See Buckley, 509 U.S. at 273-274. The distinction between prosecutorial functions and investigative functions is generally established by the existence of probable cause. Id.; Goldstein v. Moatz, 364 F.3d 205, 215 (4th Cir. 2004)("In a pre-probable-cause investigation . . . a prosecutor exercises no more discretion than a police officer and thus should enjoy no more protection than qualified immunity."). Work in the courtroom clearly falls within the scope of conduct covered by immunity, as do the determinations of the strength of the evidence and the presentation of evidence and motion to the court. Mink v. Suthers, 482 F.3d 1244, 1261 (10th Cir. 2007).

Plaintiff's allegations as to Defendants Brownlee, Dudley, and Healey (collectively "U.S. Attorney Defendants") arise from acts that occurred after probable cause existed. The acts complained of by Plaintiff occurred during the bond proceedings (Compl. (Doc. 1) ¶¶ 31-34), the plea negotiations (Id. ¶¶ 36-41), and the sentencing process (Id. ¶¶ 42-53, 58-66). A criminal complaint had been issued prior to the complained of acts that occurred at the bond hearing. Criminal Complaint, United States v. Gooding, No. 3:07-CR-00028 at 7 (W.D. Va. Sept. 1, 2007) (Doc.

10

1).  By the time that the plea negotiations and sentencing proceedings took place, an indictment had been issued. Indictment, United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. Sept. 19, 2007) (Doc. 13).  Thus, all of the acts complained of occurred during the judicial phase of the criminal process and were part of the prosecutorial function.

Plaintiff attempts to circumvent the application of absolute immunity for prosecutorial function by characterizing the Government's sentencing investigation and argument as an "inten[tion] to prosecute the Armed Career Criminal Act enhancement" (Compl. (Doc. 1) ¶ 42) "without probable cause" (Id. ¶ 44).  Plaintiff further characterizes the actions of the U.S. Attorney Defendants as their "investigative function." (Id. ¶ 46.)  However, Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Instead, Plaintiff's pleading must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

During the motion to dismiss hearing, Plaintiff attempted to distinguish between in-court actions and out-of-court preparations in support of the investigative function.  (Tr. Mot. Dismiss Hr'g (Doc. 34) at 51-55, 61-62.)  This position is rejected by Buckley, wherein the petitioner similarly argued that "Imbler's protection for a prosecutor's conduct . . . extends

only to . . . conduct occurring in the courtroom." Buckley, 509 U.S. at 272 (citing Imbler, 424 U.S. at 431). The Supreme Court, in rejecting the petitioner's argument held, "This extreme position is plainly foreclosed by our opinion in Imbler itself." Id.

Because the detention hearing, plea negotiations, and sentencing proceedings are all part of the criminal process arising after probable cause exists, Plaintiff's conclusory allegations are insufficient to overcome the U.S. Attorney Defendants' absolute immunity. See Tripati v. U.S. Immigration and Naturalization Serv., 784 F.2d 345, 347 (10th Cir. 1986) (dismissing claims against U.S. Attorney where "[a]ll of plaintiff's allegations against the U.S. attorney involved either the initiation or presentation of the government's case"). The facts alleged by Plaintiff all relate to the prosecutorial function within the sentencing process. "When a prosecutor or probation officer provides information relevant to a sentencing or recommends a sentence, they are clearly performing prosecutorial...acts." Johnson v. Kegans, 870 F.2d 992, 997 (5th Cir. 1989). See also Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1149-50 (2d Cir. 1995) ("And since we have previously said that conduct in a 'sentencing proceeding' would be protected by absolute prosecutorial immunity, and also that actors preparing and presenting presentence reports should receive absolute

immunity, we are bound to hold that a prosecutor's communications with other officials directly pertaining to matters of sentencing are entitled to absolute immunity." (citation omitted)); Donaghe v. McKay, 81 F. App'x 925, 926 (9th Cir. 2003) ("The district court properly concluded that United States Attorney McKay was entitled to absolute immunity, because his role in the sentencing recommendation was intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted)). Imbler and Buckley both recognize that the "'the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom' and are nonetheless entitled to immunity." Buckley, 509 U.S. at 272 (quoting Imbler, 424 U.S. at 431 n.33). This court therefore finds that Plaintiff has failed to allege any facts, much less plausible facts, which would support a claim that the U.S. Attorney Defendants acted in any capacity other than their prosecutorial function.

Therefore, Defendants Brownlee, Dudley, and Healey are entitled to absolute immunity[10] for the acts taken as a part of

---

[10] This court declines Plaintiff's request to modify the absolute immunity analysis to permit a challenge to absolute immunity based upon the good faith or bad faith of the prosecutors or probation officers. (See Pl.'s Mem. Opp. Defs.' Mot. Dismiss (Doc. 25) at 4-5.) This court is required to apply clearly established precedent. Furthermore, Plaintiff has not alleged any activity that even approaches a plausible suggestion of any bad faith on the part of these Defendants.

their prosecutorial function. Accordingly, Plaintiff's Complaint should be dismissed as to the these Defendants.

### B. Motion to Dismiss as to Probation Officers (Defendants Smith and Bean)

Plaintiff alleges that Defendants Ralph E. Smith ("Defendant Smith") and David R. Bean ("Defendant Bean") (collectively "Probation Officer Defendants") are liable for their actions in wrongfully suggesting application of the ACCA penalties in the presentence report and during the sentencing process. (See generally Compl. (Doc. 1).) Both Defendant Smith and Defendant Bean are United States Probation Officers. (Id. ¶ 7-8.) Federal probation officers are afforded absolute immunity in connection with their preparation and presentation of presentence reports. See Dorman v. Higgins, 821 F.2d 133, 137-39 (2nd Cir. 1987). In Spaulding v. Nielsen, the Fifth Circuit held:

> Judges who act within the scope of their authority enjoy absolute immunity from damage suits . . . . We hold that a probation officer is entitled to the same protection when preparing and submitting a presentence report in a criminal case. The report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court. We think it apparent that this narrow function is "intimately associated with the judicial phase of the criminal process" and thus, where, as here, the challenged activities of a federal probation officer are within this function, he or she is absolutely immune from a civil suit for damages.

599 F.2d 728, 729 (5th Cir. 1979)(citation omitted).

Plaintiff alleges, inter alia, that Defendants Smith and Bean, in their positions as United States Probation Officers, "investigated the criminal record of Plaintiff and falsely reported[11] the results of that investigation in his Presentence Investigative Report and to the Court." (Compl. (Doc. 1) ¶ 61.) Plaintiff's allegations clearly relate to the judicial functions of these probation officers. Because Defendants Smith and Bean have absolute immunity for their acts in preparing and submitting the presentence report, they are protected by the doctrine of absolute immunity. Therefore, Plaintiff's complaint should be dismissed as to Defendants Smith and Bean.

**C. Motion to Dismiss as to Defendant Hormel**

Plaintiff has also named as a defendant Anne Catherwood Hormel, a private citizen who cooperated with law enforcement in the investigation and prosecution of Plaintiff in the Western District of Virginia. (Compl. (Doc. 1) ¶ 3.) Plaintiff alleges that Defendant Hormel participated in secretly planting a shotgun

---

[11] Although irrelevant to this opinion, Plaintiff's allegation that Defendants Smith and Bean "falsely" reported his criminal history is the type of conclusory statement which is clearly insufficient, or implausible, as alleged. See Twombly, 550 U.S. at 555 ("[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citation omitted)). Plaintiff never identifies what statements or representations were false as to his criminal history, or whether the alleged false representations related to a factual matter or a legal interpretation of the ACCA.

on Plaintiff's premises and that the shotgun was the basis for Plaintiff's prosecution in federal court. (Id. ¶ 27.) Plaintiff further alleges that Defendant Hormel lied to federal authorities about Plaintiff during the investigation and prosecution. (Id. ¶ 20, 49-50.)

As a preliminary matter, the allegation that Defendant Hormel planted the firearm without Plaintiff's knowledge, if true, would render Plaintiff's conviction invalid. Such an allegation by Plaintiff is completely contrary to his guilty plea. See United States v. Gooding, No. 3:07-CR-00028 (W.D. Va. Nov. 21, 2007) (Docs. 21-22). By entering a guilty plea to a violation of 18 U.S.C. § 922(g)(1), Plaintiff admitted that he "knowingly possessed a firearm." See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006)(en banc)("We have previously explained that the elements required for conviction under § 922(g)(1) are . . . (2) the defendant knowingly possessed, transported, shipped, or received, the firearm . . . ." (emphasis added)).

Under Supreme Court precedent, "in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment or for 'other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must show that the sentence had been previously invalidated. . . ." Clemente v. Allen, 120 F.3d 703,

705 (7th Cir. 1997) (citing Heck v. Humphrey, 512 U.S. 477 (1994)).  The Heck analysis also applies to Bivens actions.  Id. Plaintiff has not alleged, in any fashion, that his prior judgment and sentence have been invalidated.  Consequently, Plaintiff's claims arising from an allegation that Defendant Hormel secretly planted the shotgun without Plaintiff's knowledge, including the Bivens claim (Count III), should be dismissed.

In addition to the allegations as to secretly plainting a firearm, Plaintiff does make conclusory allegations that Defendant Hormel "requested of and influenced" the other Defendants to seek the ACCA enhancement against Plaintiff. (Compl. (Doc. 1) ¶¶ 49- 50.)  These allegations are without any factual support and are not facially plausible.  They do not state a claim for relief and therefore, do not merit further discussion.

In addition to the Bivens claim, Plaintiff has alleged claims for relief under Virginia state law as to Defendant Hormel.  (Compl. (Doc. 1) at 19-24.)  Plaintiff's first state law claim, intentional infliction of emotional distress (Count I), requires proof of the following four elements: (1) the wrongdoer's conduct was intentional or reckless, (2) the conduct was outrageous and intolerable, (3) there was a causal connection between the wrongdoer's conduct and the plaintiff's emotional

17

distress, and (4) the plaintiff's emotional distress was severe. Womack v. Eldridge, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). Plaintiff has not presented any plausible allegations that there was a causal connection between the conduct of Defendant Hormel and any emotional distress on the part of Plaintiff. Specifically, Plaintiff's emotional distress, according to Plaintiff, resulted from the possible application of the ACCA. (Compl. (Doc. 1) ¶ 76.) Plaintiff has presented no plausible facts that Defendant Hormel participated in the process of determining the sentence in any way. The only specific allegation of misconduct by Defendant Hormel--i.e. that she participated in secretly planting the firearm--is completely undermined by Plaintiff's guilty plea.[12] Any alleged unlawfulness on the part of Defendant Hormel in planting the firearm, if true, would render Plaintiff's conviction invalid. Accordingly, Count I as to Defendant Hormel should be dismissed.

The second state law claim as to Defendant Hormel, malicious prosecution (Count II), is subject to dismissal for similar

---

[12] Similar to the way that Heck bars federal constitutional claims where the claim will undermine a prior criminal conviction, Virginia law does not allow claims for malicious prosecution or intentional infliction of emotional distress to proceed where they are based on alleged conduct that led to a criminal prosecution. See Brewster v. Woodward & Lothrop, Inc., 530 F.2d 1016, 1017 (D.C. Cir. 1976); Teller v. Marshall's, Inc., AT LAW NO. 104938, 1992 WL 884777, at *2 (Va. Cir. Ct. July 2, 1992)(unpublished). The conviction establishes the existence of probable cause for the arrest and prosecution, which operates as a complete defense to those claims. See id.

reasons. To prevail on a malicious prosecution claim under Virginia law, the plaintiff must show that the prosecution was (1) malicious; (2) instituted by, or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff. Baker v. Elmendorf, 271 Va. 474, 476, 628 S.E.2d 358, 359 (2006). Again, the only specific allegation as to Defendant Hormel, that she participated in secretly planting the firearm, is inconsistent with Plaintiff's guilty plea. Moreover, Plaintiff's conviction acts as a complete defense to his malicious prosecution claim because it negates the third element of the claim by establishing that there was probable cause for the arrest and prosecution. See Brewster v. Woodward & Lothrop, Inc., 530 F.2d 1016, 1017 (D.C. Cir. 1976); Teller v. Marshall's, Inc., AT LAW NO. 104938, 1992 WL 884777, at *2 (Va. Cir. Ct. July 2, 1992)(unpublished). Accordingly, Count II should be dismissed.

### II. MOTION TO AMEND

During argument on the motions, Counsel for Plaintiff made an oral motion seeking to amend the complaint if this court was inclined to grant the motion to dismiss. (Tr. Mot. Dismiss Hr'g (Doc. 34) at 64.) Counsel for Plaintiff, however, suggested no basis upon which this court could, or should, find that this court's discretion to allow amendment should be so exercised. (Id.) To the contrary, on the record before this court, there

19

have not been any facts proffered which would result in a change in the finding of absolute immunity as to the U.S. Attorney Defendants or the Probation Officer Defendants, nor has Plaintiff suggested any facts which would support a claim as to Defendant Hormel. Accordingly, Plaintiff's motion to amend his complaint should be denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

**III. CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED** that Defendants' motions to dismiss (Docs. 18, 20) are **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's complaint against Defendant Alberto R. Gonzales is **DISMISSED** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. **IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (Doc. 32) is **DENIED.**

A judgment in accordance with this opinion will be filed contemporaneously herewith.

This the 7th day of March 2011.

                                        /s/ William L. Osteen, Jr.
                                  United States District Judge